**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

        **v.**                                                    **Case No. 98-CR-108**

**CLYDE REID**
                **Defendant.**

---

### ORDER

On November 30, 1998, I sentenced defendant Clyde Reid to 84 months in prison followed by three years of supervised release on his guilty plea to bank robbery. He completed the prison sentence and commenced supervised release in August of 2004. In May of 2007, defendant was arrested and charged in state court with first degree reckless injury, and I issued a warrant to act as a detainer requiring that he be returned to this court for a supervised release revocation hearing. On June 23, 2008, defendant pleaded guilty to the new state charge, and on September 15, 2009, the state court sentenced him to 10 years in prison followed by 4 years of extended supervision. On February 18, 2010, I revoked defendant's federal supervised release and sentenced him to 24 months in prison, with 6 months running concurrently and 18 months consecutively to the state sentence. In July of 2012, defendant sent a letter-request that I also run the 18 months concurrently, which I dismissed for lack of jurisdiction.

On May 19, 2014, defendant filed a motion to run the remaining 18 months concurrently with the state sentence. As I indicated in response to petitioner's July 2012 letter, the district court generally lacks authority to modify a term of imprisonment once it has been imposed.

See 18 U.S.C. § 3582(c); United States v. Smith, 438 F.3d 796, 798-99 (7th Cir. 2006). Defendant cites United States v. Campbell, 617 F.3d 958, 961-62 (7th Cir. 2010), but that case addressed the district court's discretion at the original sentencing to adjust a federal sentence below the minimum required by statute to account for time served on an unrelated state revocation sentence; it provides no additional authority for a district court to modify a sentence after its imposition. In the absence of a jurisdictional basis, the motion must be dismissed.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 34) is **DISMISSED**.

Dated at Milwaukee, Wisconsin, this 22nd day of May, 2014.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge